UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BONNY MARIE GRANADO                    CASE NO.  6:25-CV-01083

VERSUS                                 JUDGE ROBERT R. SUMMERHAYS

COMMISSIONER OF SOCIAL SECURITY    MAGISTRATE JUDGE DAVID J. AYO

<u>MEMORANDUM RULING AND ORDER</u>

Before the court is the UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412 [Doc. 19] filed by Appellant Bonny Marie Granado.  The motion is unopposed.

Granado filed an application for supplemental security income on June 24, 2022, and her application was denied on December 22, 2022, and upon reconsideration on May 2, 2023. [Doc. 8-1 at p. 25].  After the application was denied initially, she requested a hearing before an Administrative Law Judge, who issued an unfavorable ruling.  [*Id.*].  Granado's request for review was denied by the Appeals Council [Doc. 8-1 at pp. 7-9], and she subsequently filed a federal appeal of the ALJ's decision in this court on July 28, 2025.  [Doc. 1].  On March 6, 2026, the Commissioner filed Defendant's Unopposed Motion to Remand, requesting the Court to remand the case to an administrative law judge for a new hearing and further administrative action.  [Doc. 17].  This motion was granted, and the case was remanded by Order issued March 9, 2026.  [Doc. 18].  The instant application for attorneys' fees followed.  [Doc. 19].

Granado seeks a total of $6,450.00 in fees at the attorney rate of $200.00 per hour for 28 hours, and at the paralegal rate of $125.00 per hour for 6.8 hours.  In support of this request, Granado's representatives, Edward Wicklund and Benjamin Misko, submitted a

1

schedule describing the services performed on Granado's behalf and the time billed in connection with each task in minimal increments of .10 of an hour.  [Doc. 20].

### *Applicable Standard*

The Equal Access to Justice Act (EAJA) provides that a court "shall award to a prevailing party… fees and other expenses… unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The EAJA thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate.   *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir. 1985).  A party who wins a sentence-four remand is a prevailing party.  *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S. Ct. 2625, 2632, 125 L. Ed.2d 239 (1993); *Breaux v. United States Dep't of Health & Human Servs.*, 20 F.3d 1324 (5th Cir. 1994).  Since Granado is a prevailing party, and the Commissioner does not oppose an award of fees, the undersigned finds that an award of fees is appropriate.

### *Reasonable Hourly Rate*

The hourly rate at which an attorney fee award under the EAJA is calculated is determined "according to prevailing market rates in the relevant legal market."  *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000).  Where the prevailing market rate exceeds the $125.00 statutory cap, the court must examine whether "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate."  28 U.S.C. § 2412(d)(2)(A)(ii).

Granado seeks attorney fees at the rate of $200 per hour.  [Doc. 19].  Considering counsel's time and expertise, as well as relevant Consumer Price Index information for the years 2025 and 2026, this Court finds the requested hourly fee to be reasonable.

2

https://www.bls.gov/news.release/cpi.t01.htm.    Additionally, this Court notes that the Western District of Louisiana has previously approved an hourly rate of $200 in EAJA fee award rulings. *Wright v. Comm'r of Soc. Sec. Admin.*, 2025 WL 3164482 at * 1 (W.D. La. Nov. 12, 2025) (citing *Carr v. Kajikazi*, 2023 WL 3168676 at * 3 (W.D. La. Apr., 13, 2023), adopted by, 2023 WL 3168343 (W.D. La. Apr. 28, 2023)); *Bertrand v. Comm'r of Soc. Sec. Admin.*, 2025 WL 2723443 at *2 (W.D. La. Sept. 24, 2025).

### *Reasonable Hours Expended*

The Commissioner does not oppose the claimed number of hours. Furthermore, the undersigned concludes that 34.8 hours is a reasonable number of hours to expend on this type of case.

### *Johnson Analysis*

Having determined the lodestar by establishing the prevailing market rate and hours reasonably expended, the next step requires the Court to analyze the twelve factors set forth in *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 392 (5th Cir. 2016) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)). In this case, the lodestar is ($200.00 x 28 hours) + ($125.00 x 6.8 hours), or $6,450.00.

Under *Johnson*, courts should consider the impact of the following factors on the lodestar:

(1)    the time and labor required,
(2)    the novelty and difficulty of the question,
(3)    the skill required of the attorney,
(4)    the preclusion of other work,
(5)    the customary fee,
(6)    whether the fee is fixed or contingent,

3

(7)     time limitations imposed,
(8)     the amount involved and result obtained,
(9)     the experience, reputation, and ability of the attorney,
(10)    the "undesirability" of the case,
(11)    the nature and length of the professional relationship with the client, and
(12)    awards in similar cases.

*Johnson*, *supra*, at 718–19.

Factors 1, 3, 8, 9, and 12 are reflected in the lodestar. *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761 (5th Cir. 1996) (cautioning against double-counting *Johnson* factors already represented by the lodestar). No evidence before this Court indicates that an adjustment of the lodestar under factors 2, 4, 5, 6, 7, 10, or 11 is warranted in this case.

For the foregoing reasons,

**IT IS ORDERED** that the UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412 [Doc. 19] is GRANTED such that the sum of $6,450.00, representing attorney fees calculated at the attorney rate of $200.00 per hour for 28 hours and at the paralegal rate of $125.00 per hour for 6.8 hours, shall be paid to Granado's attorneys, Edward Wicklund and Benjamin Misko, pursuant to the assignment executed between Granado and counsel. [Docs. 20-1, 20-2, 20-3].

Accordingly, the Commissioner of the Social Security Administration shall forward a check payable to Edward Wicklund and Benjamin Misko in the amount of $6,450.00, minus any administrative offsets,[1] pursuant to 28 U.S.C. § 2412(d)(1)(A) within 45 days of the issuance of this Order.

SO ORDERED this 25th day of June, 2026, at Lafayette, Louisiana.

David J. Ayo
United States Magistrate Judge

---

1       31 C.F.R. §§ 285.5(e)(6)(i) and (ii)(C).